UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

LAURISTON JOSEPH,
    Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC.,
    Defendant.
_____/

**05-61032**

**CIV-ALTONAGA**

**MAGISTRATE JUDGE TURNOFF**

## COMPLAINT

The Plaintiff, LAURISTON JOSEPH (hereinafter "JOSEPH"), by and through the undersigned counsel, hereby sues Defendant, MARRIOTT INTERNATIONAL, INC., (hereinafter "MARRIOTT"), and in support avers as follows:

### INTRODUCTION

1. This is an action by the Plaintiff, JOSEPH, for declaratory and injunctive relief and damages under 42 U.S.C. §1981 (Civil Rights Act of 1866) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant, MARRIOTT's discriminatory treatment on the basis of race.

2. On June 16, 2004 Plaintiff filed a complaint alleging discrimination on the basis of race with the EEOC. (See attached Exhibit "A")

3. On September 30, 2004 the EEOC issued a "Notice of Suit Rights" letter to Plaintiff (See attached Exhibit "B") and suit was instituted within one (1) year of receipt.

THE LAW OFFICES OF REMER & GEORGES-PIERRE, P.A.,
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000   FAX: (305)416-5005

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's 42 U.S.C. §1981 claims pursuant to 28 U.S.C. §1331, §1343, and §1367. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), because the events/employment practices hereafter alleged to be unlawful were committed in Broward County, within the jurisdiction of this Honorable Court.

## PARTIES

6. At all times relevant, JOSEPH was employed by MARRIOTT and the parties had a contractual relationship with each other.

7. Plaintiff, is a resident of Broward County, Florida and continues to reside in Broward County, and resided in said County during the time of his employment with the Defendant, within the jurisdiction of this Honorable Court.

8. Plaintiff is a Black individual and is a member of a class of persons protected from discrimination in his employment under 42 U.S.C. §1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

9. Defendant is a Foreign corporation authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court.

## COUNT I. DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981

10. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-9 of this complaint as if set out in full herein.

11. At all times material hereto Defendant, MARRIOTT, was an "employer" within the meaning of Section 42 U.S.C. §1981.

12. At all times material hereto, Plaintiff, JOSEPH, was an "employee" within the meaning of 42 U.S.C. §1981

13. The Plaintiff had been employed by Defendant since on or about June of 2001 as a housekeeper.

14. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

15. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

16. Plaintiff was terminated from his employment on or about December 31, 2003.

17. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

18. During the course of his employment with the Defendant, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents.

19. Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon his race. Defendant also confected a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

20. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of his race.

**THE LAW OFFICES OF REMER & GEORGES-PIERRE, P.A.,**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000   FAX: (305)416-5005

3

21. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant, and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

22. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

23. The actions and language of the Defendant, were so severe and pervasive as to alter the terms, conditions and/or privileges of his employment with the Defendant, and thereby creating a hostile work environment.

24. The actions of the Defendant were based upon the Plaintiff being a black individual. The Defendant subjected the Plaintiff to race based animosity.

25. The Plaintiff would have continued in his form of employment with entitlement to his wages and benefits but for the discriminatory conduct of the Defendant.

26. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff. The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black individuals.

27. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, he would not have been the object of discrimination.

28. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of his employment and has been exposed to ridicule and embarrassments and he has suffered emotional distress and damage.

**THE LAW OFFICES OF REMER & GEORGES-PIERRE, P.A.,**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

4

29. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

30. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected when the work place became hostile.

31. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of his statutory right under federal law.

32. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

33. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

34. The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

## COUNT II. RETALIATION IN VIOLATION OF 42 U.S.C. §1981

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 of this complaint as if set out in full herein.

36. Plaintiff and Defendant had a contractual relationship.

37. Defendant precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

38. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on race as more particularly described above.

39. Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of the contractual relationship.

**THE LAW OFFICES OF REMER & GEORGES-PIERRE, P.A.,**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

6

40. Defendant has acted with malice and/or reckless disregard for Plaintiff's protected rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

    B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C. Award Plaintiff as to this count prejudgment interest; and

    D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    F. Plaintiff demands a trial by jury.

## COUNT IV. DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-40 of this complaint as if set out in full herein.

42. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states: "It is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment

**THE LAW OFFICES OF REMER & GEORGES-PIERRE, P.A.,**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

7

because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

43. The discrimination and termination of Plaintiff by Defendant was on the basis of Plaintiff being a Black Individual.

44. At all relevant times mentioned, including the time of termination of Plaintiff, Defendant was aware that Plaintiff was a Black individual.

45. At the time discharge from employment with Defendant, Plaintiff did perform and excel at the performance of the essential functions of his position.

46. The Plaintiff was qualified for the position held with the Defendant.

47. Plaintiff was fired and treated differently from other employees by his supervisors working for Defendant on the basis of race.

48. The termination of Plaintiff from employment with Defendant and other acts were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his race while working for Defendant in violation of Florida Statute Section 760.

49. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

50. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, his race.

51. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status.

**THE LAW OFFICES OF REMER & GEORGES-PIERRE, P.A.,**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000   FAX: (305)416-5005

8

52. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

- A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.
- B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.
- C. Reinstate full fringe benefits and seniority rights to Plaintiff.
- D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay, with prejudgment interest and other renumeration for mental pain, anguish, pain and humiliation from being terminated due to race.
- E. For a money judgment representing prejudgment interest.
- F. Award any other compensation allowed by law including punitive damages, attorney's fees pursuant to Florida Statute §448.104.
- G. Plaintiff demands a trial by jury.

Dated: 6/20/05

**THE LAW OFFICES OF REMER & GEORGES-PIERRE, P.A.,**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

9

Respectfully submitted,

**REMER & GEORGES-PIERRE, P.A.**
100 N. Biscayne Boulevard
Suite 1003
Miami, Florida 33132
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
     Anthony M. Georges-Pierre, Esq.
     Florida Bar Number: 0533637

THE LAW OFFICES OF REMER & GEORGES-PIERRE, P.A.,
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

10

# EXHIBIT "A"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>150-2004-02784 |
|---|---|---|

Florida Commission On Human Relations _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Lauriston Joseph | Home Phone No. (Incl Area Code)<br>(954) 583-8220 | Date of Birth<br>09-24-1953 |
|---|---|---|

Street Address: 2661 S. W. 8th Street, Fort Lauderdale, FL 33312

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>MARRIOTT HOTEL AND MARINA | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(305) 463-4000 |
|---|---|---|

Street Address: 1881 S.E. 17th Street, Fort Lauderdale, FL 33316

| Name | No. Employees, Members | Phone No. (Include Area Code)<br>(954) 463-4000 |
|---|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-01-2003   Latest: 12-31-2003
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. I am black male who was subjected to harassment and disparate treatment and was discharged in retaliation for complaining about the race discrimination.

II. My supervisor called me the "N" word and harassed me. I complained to my Manager about the discrimination and I was terminated.

III. I believe that I have been discriminated against because of my race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended, and specifically section 704 (a) that prohibits Retaliation.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 5/25/04
Charging Party Signature: Lauriston Joseph

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

# EXHIBIT "B"

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Lauriston Joseph
2661 S. W. 8th Street,
Fort Lauderdale, FL 33312

From: Miami District Office
2 South Biscayne Blvd
Suite 2700
Miami, FL 33131

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2004-02784 | Fernella Peters, Federal Investigator | (305) 536-5580 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)    Federico Costales,
District Director

SEP 3 0 2004
(Date Mailed)

cc: **Respondent's Representative**
Carla Shaw-Williams
EEO Compliance Manager
MARRIOTT INTERNATIONAL, INC.
International HQ, Dept #935.43
Marriott Drive
Washington, DC 20058

**Charging Party's Representative**
Jason S. Remer, Esquire
Remer & Georges-Pierre, PA
New World Tower
100 N. Biscayne Boulevard
Suite 1003
Miami, Florida 33132

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

LAURISTON JOSEPH

**DEFENDANTS**

CIV-ALTONAGA

MARRIOTT INTERNATIONAL, INC.,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

MAGISTRATE JUDGE
TURNOFF

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Remer & Georges-Pierre, P.A.
100 N. Biscayne Blvd, Suite 1003
Miami, FL 33132
(305) 416-5000

05 - 61032

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:05CV 61032-Altonaga
Turnoff

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS – Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC §1981

DEFENDANT VIOLATED §1981 BY DISCRIMINATING AGAINST PLAINTIFF B/C OF HIS RACE

LENGTH OF TRIAL
via 2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6/20/05

SIGNATURE OF ATTORNEY OF RECORD
Anthony M. Georges-Pierre

FOR OFFICE USE ONLY
RECEIPT # 534511   AMOUNT 250.00   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____